# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CASERTA, | : CIVIL ACTION NO. 3:CV-16-0242 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| Supt. DELBALSO, et al., | : |
| Defendants | : |

## MEMORANDUM

### I. Background

Plaintiff, Anthony Caserta, an inmate at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, ("SCI-Mahanoy"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Along with the filing of his complaint, Caserta has submitted an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2). Named as Defendants are Superintendent DelBalso and the SCI-Mahanoy Medical Department. On the face of his complaint, Plaintiff admits that he has not exhausted his administrative remedies and that his grievance appeal is "still pending." (Doc. 1, complaint at 2). For the reasons set forth below, the instant complaint will be dismissed, without prejudice.

## II. Discussion

The Prison Litigation Reform Act (PLRA) contains a requirement that prisoners exhaust the grievance procedure before bringing a civil action. "No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits: to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-525 (2002).

Although failure to exhaust administrative remedies is typically raised as an affirmative defense, district courts are authorized to *sua sponte* dismiss inmate complaints pursuant to §1997e(a), when failure to exhaust administrative remedies is apparent from the face of the complaint. See Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 112 n.3 (3d Cir. 2008) (not published), see also Ray v. Kertes, 285 F.2d 287 n.5 (3d Cir. 2002). Because Plaintiff admits in his complaint that he has not

completed the grievance process, it is recommended that the complaint be dismissed, without prejudice, to give Plaintiff the opportunity to exhaust his administrative remedies.   A separate Order will be issued.


Dated: February 18, 2016                    /s/ William J. Nealon
                                            **United States District Judge**